**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
**CHRISTOPHER LIPPUS,**

      **Plaintiff,**

      -against-

**PROGRESSIVE LEASING,**

      **Defendant.**
-------------------------------------------------------X

**CASE NO.:**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## COMPLAINT

CHRISTOPHER LIPPUS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PROGRESSIVE LEASING ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of New York therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural persons residing in Huntington New York 11754.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal office located at 10619 South Jordan Gateway, Ste 100, South Jordan, Utah 84095.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or around May 2015, and continuing through July 2015, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

14. Defendant's calls originated from the numbers including, but not limited to: (865) 292-6188, (385) 347-3124, (605) 679-3151, (843) 779-3643, (484) 273-3768, (234) 208-4570, (817) 585-2946, (385) 347-3122, (817) 344-7552, (304) 988-4198, (920) 785-5679 and (404) 682-3028. The undersigned has confirmed that these numbers belong to Plaintiff.

15. Although Plaintiff signed up for an account with Defendant in January 2015, he revoked consent to be contacted on his cellular telephone in early June 2015.

PLAINTIFF'S COMPLAINT

16. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

17. Defendant's automated messages stated; "This is Progressive Leasing calling in regards to your account."

18. Defendant's telephone calls were not made for "emergency purposes."

19. When Plaintiff would answer Defendant's calls and tell its representatives he no longer wished to be contacted, they would acknowledge his request, at which point, they would then call from a number originating from a different state.

20. Plaintiff received on average six (6) calls each day from Defendant, and an estimated forty (40) calls or more since revoking consent.

21. Upon information and belief, Defendant conducts business in a manner which violates the telephone consumer protection act.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

24. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. Defendant's calls to Plaintiff, in and after early June 2015, were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, CHRISTOPHER LIPPUS, respectfully prays for judgment as follows:

    a. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    b. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    c. Injunctive relief pursuant to 47 U.S.C. §227(b)(3);

    d. Any other relief deemed fair and proper by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CHRISTOPHER LIPPUS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: July 31, 2015					KIMMEL & SILVERMAN, P.C.

By: /s/ Craig Thor Kimmel
Craig Thor Kimmel
Attorney ID #2790038
Attorney for Plaintiff
1001 Avenue of the Americas, 12th Floor
New York, New York 10018
Phone: (215) 540-8888
Facsimile: (877) 617-2515
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT